1  R. Joseph Trojan, CA Bar No. 137,067
   trojan@trojanlawoffices.com
2  Dylan C. Dang, CA Bar No. 223,455
   dang@trojanlawoffices.com
3  TROJAN LAW OFFICES
   9250 Wilshire Blvd., Suite 325
4  Beverly Hills, CA 90212
   Telephone: (310) 777-8399
5  Facsimile: (310) 777-8348
   Attorneys for Plaintiffs
6  Travel Assets, Inc., d.b.a. Smokebuddy, and Gregg Gorski

7

8

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

9

10  Travel Assets Inc., d.b.a.
    Smokebuddy, a California
11  Corporation, and Gregg Gorski,
    an individual,

12                        Plaintiffs,

13            v.

14
    American Distributors LLC, an
15  Illinois Limited Liability Company,

16                        Defendant.

17

18

19

20

21

Case No. 2:22-cv-6810

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**

**TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1);**

**TRADEMARK COUNTERFEITING UNDER 15 U.S.C. § 1114(1);**

**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125; AND,**

**UNFAIR COMPETITION UNDER CAL. BUS. PROF. CODE § 17200;**

**DEMAND FOR JURY TRIAL**

TROJAN LAW OFFICES
BEVERLY HILLS

1

Plaintiffs Gregg Gorski and Travel Assets, Inc. hereby complain against Defendant American Distributors LLC as follows:

1.     This is a civil action for trademark and trade dress infringement arising under the Lanham Act, 15 U.S.C. § 1051, *et seq*.

## I.     THE PARTIES

2.     Plaintiff Gregg Gorski ("GORSKI") is an individual, residing in the State of Nevada.

.     Travel Assets, Inc., d.b.a. Smokebuddy ("SMOKEBUDDY"), is a corporation organized and existing under the laws of the State of California, having a place of business at 11662 Tuxford Street, Los Angeles, California 91352.

4.     Upon information and belief, Defendant American Distributors LLC ("AMERICAN DISTRIBUTORS") is a limited liability company organized and existing under the laws of the State of Illinois, having a principal place of business at 1049 Industrial Dr., Bensenville, Illinois 60106-1245.

## II. JURISDICTION AND VENUE

5.     This Court has federal question jurisdiction under 28 U.S.C. §1331 and §1338(a) over Plaintiffs' trademark and trade dress infringement claims arising under the Lanham Act. The Court has jurisdiction under 28 U.S.C. § 1338(b) over Plaintiffs' claim for statutory unfair competition pursuant to Cal.

TROJAN LAW OFFICES
BEVERLY HILLS

2

TROJAN LAW OFFICES
BEVERLY HILLS

1  Bus. & Prof. Code §§ 17200 et seq. because that claim is joined with a substantial

2  and related claim under the trademark laws, and the Court also has supplemental

3  jurisdiction over that claim under 28 U.S.C. § 1367(a) because it is so related to

4  the federal claims that it forms part of the same case and controversy. In the

5  alternative, the Court has subject matter and original jurisdiction over all claims

6  for relief asserted herein pursuant to 28 U.S.C. § 1332(a) because complete

7  diversity of citizenship exists between Plaintiffs and Defendant, and the amount

8  in controversy exceeds $75,000, exclusive of interest and costs.

9      6.    Plaintiffs are informed and believe, and on that basis allege, this

10  Court has personal jurisdiction over Defendant because it has extensive contacts

11  with, and conducts business within, the State of California and this judicial

12  district; it has caused its products to be advertised, promoted, and sold in this

13  judicial district; and the causes of action asserted in this Complaint arise out of

14  Defendant's contacts with this judicial district.

15      7.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391

16  and 1400 because the acts complained of herein have been, and are being

17  committed, in this judicial district.

18              **III.    FACTUAL BACKGROUND**

19      8.    GORSKI founded SMOKEBUDDY in 2008 to produce high-quality,

20  personal air filters which eliminate smoke, odors and pollutants and reduce their

21

1    impact on non-smokers and the environment. SMOKEBUDDY is wholly owned

2    by GORSKI.

3        9.    GORSKI is the owner of Trademark Registration No. 3,850,687 for

4    "SMOKE BUDDY" ("the '687 Registration") registered on September 21, 2010

5    on the United States Patent and Trademark Office (USPTO) Principal Register for

6    smoking device and tobacco smoke filter. The '687 Registration is incontestable.

7    A true and correct copy of the '687 Registration is attached hereto as **Exhibit 1**.

8        10.    GORSKI is the owner of Trademark Registration No. 5,819,872 for

9    "smokebuddy" ("the '872 Registration") registered on July 30, 2019 on the

10    Principal Register for smoking device. A true and correct copy of the '872

11    Registration is attached hereto as **Exhibit 2**.

12        11.    GORSKI is the owner of Trademark Registration No. 6,145,526 for

13    trade dress consisting of a three-dimensional configuration of a distinctive smoke

14    filter as shown:

15

16

17    

18

19    ("the '526 Registration").  The '526 Registration was registered on September 8,

20    2020 on the Principal Register for smoking device. A true and correct copy of the

21                                                                    4

TROJAN LAW OFFICES
BEVERLY HILLS

TROJAN LAW OFFICES
BEVERLY HILLS

1    '526 Registration is attached hereto as **Exhibit 3**.

2       12.    GORSKI also has valid and protectable common law trade dress

3 rights in a distinctive smoke filter having the shape of the combined Apollo

4 command and service modules with oblong indentations spaced about the exterior

5 surface as shown above, the design being non-functional and inherently distinctive

6 under the Lanham Act. Consumers have come to rely upon the smoke filter trade

7 dress as a sign of the quality and reputation of personal filter products originating

8 from Plaintiffs.

9       13.    GORSKI is the owner of Trademark Registration No. 5,828,631

10 ("the '631 Registration") for a logo cartoon character as shown:

11

12

13 

14

15

16 ("the Smokebuddy Character"). The '631 Registration was registered on August

17 6, 2019 on the Principal Register for smoking device. A true and correct copy of

the '631 Registration is attached hereto as **Exhibit 4**.

18

19       14.    The Smokebuddy Character is featured on Smokebuddy® products as

20 shown:

21

1

2

3

4

5

6

7

8



9     15.    GORSKI also has valid and protectable common law rights to trade

10   dress for a three-dimensional keychain figure ("the Smokebuddy Keychain")

11   based on the Smokebuddy Character as shown:

12

13

14

15

 

16   Consumers have come to rely upon the Smokebuddy Keychain trade dress as a

17   sign of the quality and reputation of personal filter products originating from

18   Plaintiffs.

19     16.    GORSKI licenses the '687 Registration, the '872 Registration, the

20   '526   Registration,   the   '631   Registration   (collectively   hereinafter,   "the

21                                              6

TROJAN LAW OFFICES
BEVERLY HILLS

1    Registrations") and related common law trade dress rights described above to

2    SMOKEBUDDY.

3    17.    Pursuant to its exclusive license with GORSKI, SMOKEBUDDY

4    sells personal air filters called the Smokebuddy ("the Smokebuddy® air filters")

5    which are covered by the Registrations and protected by the common law rights

6    described above:



Tie Dye Smokebuddy Original Personal Air Filter    Pink Smokebuddy Original Personal Air Filter    Purple Smokebuddy Original Personal Air Filter

12    18.    The Smokebuddy® air filters are marketed and sold bearing the

13    registered Smokebuddy Character and with the Smokebuddy Keychain:



7

1

2      19.    Upon information and belief, SMOKEBUDDY pioneered the

3   practice of selling air filters with a free give-away keychain. Consequently,

4   consumers have come to closely associate the Smokebuddy Character and the

5   Smokebuddy Keychain with Smokebuddy® air filters. In fact, the Smokebuddy

6   Character and the Smokebuddy Keychain have become so well-known that

7   SMOKEBUDDY has employed a mascot costumed as the Smokebuddy Character

8   at trade shows. Consumers recognizing it at these trade shows have called it out

9   as "the Smokebuddy guy."

10     20.    SMOKEBUDDY has been selling personal air filters under the

11  original Smokebuddy® mark in interstate commerce since at least 2009.

12     21.    SMOKEBUDDY has invested significant time, money, and effort in

13  developing the Smokebuddy® air filters, which has resulted in significant

14  commercial success and public recognition of its name, trade dress, logo and

15  associated paraphernalia.

16     22.    Upon information and belief, Defendant AMERICAN

17  DISTRIBUTORS sells personal air filters virtually identical to Plaintiffs' personal

18  air filters under the name "SMOQ BUDDY" on its website

19  (https://americandistributorsllc.com/product/smoq-buddy-smoke-air-filter-

20  medium-size/) as shown:

21

TROJAN LAW OFFICES
BEVERLY HILLS

1



2

3

4

5

6

7

8

9

10    23.    Upon    information    and    belief,    Defendant    AMERICAN

11   DISTRIBUTORS' SMOQ BUDDY air filters are marketed and sold with a

12   keychain virtually identical to Plaintiffs' Smokebuddy Character keychain:

13

14

15    

16

17

18    24.    Defendant AMERICAN DISTRIBUTORS sells the SMOQ BUDDY

19   air filters under the category "SMOKE BUDDY" as shown:

20

21                                                              9

TROJAN LAW OFFICES
BEVERLY HILLS



25.    Defendant AMERICAN DISTRIBUTORS features the SMOQ BUDDY air filter alongside Plaintiffs' Smokebuddy® air filters.

26.    Defendant's infringement of Plaintiffs' Registrations and common law rights in the trade dress associated with Smokebuddy® air filters has caused and will continue to cause actual confusion among customers.

27.    Upon information and belief, Defendant AMERICAN DISTRIBUTORS knew of Plaintiffs' ownership and commercial use of the Registrations in connection with smoke filters, and thus Defendant's adoption of the same was an attempt to trade on Plaintiffs' goodwill and good reputation. Defendant's infringement of the Registrations and related common law rights is therefore willful and deliberate.

28.    Upon information and belief, Defendant AMERICAN DISTRIBUTORS has further sought to deliberately confuse consumers as to the origin of the SMOQ BUDDY air filters by imitating many other aspects of Plaintiff Smokebuddy® air filters packaging. For example:

10

TROJAN LAW OFFICES
BEVERLY HILLS

| Plaintiffs' SMOKEBUDDY packaging features: | Defendant's SMOQ BUDDY packaging features: |
|---|---|
|  | |
|  |  |
| **Ideal for:**<br>- Home<br>- Office<br>- Car<br>- Travel | **Ideal for:**<br>- Home<br>- Office<br>- Car<br>- Travel |
| **FEATURES:**<br>- Environmentally friendly product.<br>- Keeps second hand smoke away from friends, family & neighbors.<br>- Convenient & Compact for travel and storing discretely.<br>-Magically removes smoke & odor. | **FEATURES**<br>- Travel Caps Included for storing discretely<br>- Environmentally friendly product<br>- Keeps second hand smoke away from friends, family, and neighbors<br>- Convenient and compact<br>- Magically removes smoke and odor |

29.     Defendant's "PERSONAL AIR FILTER" label has the same font and appearance as Plaintiffs' "PERSONAL AIR FILTER" label.

30.     Defendant's "BLOW SMOKE IN" and "CLEAN AIR OUT" wording and graphics are similar to Plaintiffs' "BLOW SMOKE IN" and "CLEAN AIR OUT" wording and graphics.

31.     Defendant's "Ideal for" description is identical to Plaintiffs' "Ideal for" description.

32.     Defendant's "FEATURES" description is similar to Plaintiffs' "FEATURES" description.

33.     Defendant's "INSTRUCTIONS FOR USE" is identical to Plaintiffs' "INSTRUCTIONS FOR USE".

34.     Defendant's "INSTRUCTIONS FOR USE" include the instruction "Blowsmoke through smokebuddy™" explicitly using Plaintiffs' smokebuddy® mark.

35.     Defendants' infringing use of Plaintiffs' word marks, trade dress and logo has damaged Plaintiffs' good reputation and has caused Plaintiffs' lost sales.

## IV. FIRST CAUSE OF ACTION FOR TRADEMARK INFRINGEMENT

## UNDER 15 U.S.C. § 1114(1)

36.    Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 35.

37.    Plaintiff GORSKI is the owner of valid trademark registrations for "SMOKE BUDDY" under the '687 Registration and "smokebuddy" under the '872 Registration (collectively, "the Word Marks"). The Word Marks have been used continuously in commerce as claimed in their respective registrations. These registrations are enforceable under the Lanham Act.

38.    Plaintiff SMOKEBUDDY has the exclusive right to use the Word Marks in connection with smoke filter products in commerce in the United States.

39.    Defendant AMERICAN DISTRIBUTORS has used, and is using, in interstate commerce the infringing SMOQ BUDDY mark in connection with various smoke filter products without Plaintiffs' authorization in violation of Plaintiffs' '687 Registration and '872 Registration.

40.    Defendant AMERICAN DISTRIBUTORS is using the Infringing SMOQ BUDDY mark in connection with the sale, offering for sale, distribution, or advertising of smoke filters in a manner likely to cause confusion, or to cause mistake, or to deceive consumers as between Defendant's goods and Plaintiffs' goods by selling SMOQ BUDDY air filters under the category "SMOKE

TROJAN LAW OFFICES
BEVERLY HILLS

13

BUDDY" and alongside Plaintiff's Smokebuddy® air filters:



41.   Defendant AMERICAN DISTRIBUTORS has therefore infringed, and is infringing the Word Marks in violation of 15 U.S.C. § 1114(1).

42.   By reason of the foregoing, Plaintiffs are entitled to (1) disgorgement of Defendant's profits, (2) any damages sustained by Plaintiffs, and (3) the costs of the action under 15 U.S.C. § 1117(a), in an amount to be proven at the time of trial and believed to be at least $1,000,000.00.

43.   Because Defendant AMERICAN DISTRIBUTORS has undertaken these acts willfully, intentionally, and with the intent to profit from Plaintiffs' goodwill, Plaintiffs are entitled to treble damages and recovery of their attorneys' fees, costs, and expenses associated with this action.

44.   By reason of Defendant's acts of trademark infringement, Plaintiffs have suffered and will continue to suffer irreparable injury and Plaintiffs will have no adequate remedy at law unless and until this Court enters an order enjoining

14

1    Defendant from any further acts of trademark infringement.

2    **V. SECOND CAUSE OF ACTION FOR TRADE DRESS**

3    **INFRINGEMENT UNDER 15 U.S.C. § 1114(1)**

4    45.    Plaintiffs hereby incorporate by reference the allegations contained

5    in paragraphs 1 through 44.

6    46.    Plaintiff GORSKI is the owner of a valid trade dress under the '526

7    Registration ("the Trade Dress"). The Trade Dress has been used continuously in

8    commerce as claimed in the registration. The registration is enforceable under the

9    Lanham Act.

10    47.    Plaintiff SMOKEBUDDY has the exclusive right to use the Trade

11    Dress in connection with smoke filter products in commerce in the United States.

12    48.    Defendant AMERICAN DISTRIBUTORS has used, and is using, in

13    interstate commerce the SMOQ BUDDY smoke filters having a design

14    approximating the shape of the combined Apollo command and service modules

15    with oblong indentations spaced about the exterior surface (the "Infringing

16    Design"), which is substantially similar to Plaintiffs' Trade Dress, without

17    Plaintiffs' authorization in violation of Plaintiffs' '526 Registration.

18    49.    Defendant AMERICAN DISTRIBUTORS is using the Infringing

19    Design in connection with the sale, offering for sale, distribution, or advertising

20    of smoke filters in a manner likely to cause confusion, or to cause mistake, or to

21

TROJAN LAW OFFICES
BEVERLY HILLS

deceive consumers as between Defendant's goods and Plaintiffs' goods.

| Plaintiffs' Trade Dress | Defendant's Infringing Design |
|---|---|
|  | <br>**BEACH PK01** |

50.    Defendant AMERICAN DISTRIBUTORS has therefore infringed, and is infringing, on Plaintiff's Trade Dress in violation of 15 U.S.C. § 1114(1).

51.    By reason of the foregoing, Plaintiffs are entitled to (1) disgorgement of Defendant's profits, (2) any damages sustained by Plaintiffs, and (3) the costs of the action under 15 U.S.C. § 1117(a), in an amount to be proven at the time of trial and believed to be at least $1,000,000.00.

52.    Because Defendant AMERICAN DISTRIBUTORS has undertaken these acts willfully, intentionally, and with the intent to profit from Plaintiffs' goodwill, Plaintiffs are entitled to treble damages and recovery of their attorneys' fees, costs, and expenses associated with this action.

53.    By reason of Defendant's acts of trademark infringement, Plaintiffs have suffered and will continue to suffer irreparable injury and Plaintiffs will have

1    no adequate remedy at law unless and until this Court enters an order enjoining

2    Defendant from any further acts of trademark infringement.

3    **VI. THIRD CAUSE OF ACTION FOR COUNTERFEITING UNDER 15**

4    **U.S.C. § 1114(1)**

5    54.    Plaintiffs hereby incorporate by reference the allegations contained

6    in paragraphs 1 through 53.

7    55.    Plaintiff GORSKI is the owner of the Trade Dress under the '526

8    Registration. The Trade Dress has been used continuously in commerce as

9    claimed in the registration. The registration is enforceable under the Lanham Act.

10    56.    Plaintiff SMOKEBUDDY has the exclusive right to use the Trade

11    Dress in connection with smoke filter products in commerce in the United States.

12    57.    Defendant AMERICAN DISTRIBUTORS has used, and is using, in

13    interstate commerce the SMOQ BUDDY smoke filters having a spurious design

14    that is identical to Plaintiffs' Trade Dress without Plaintiffs' authorization ("the

15    Counterfeit Design").

16    58.    Defendant AMERICAN DISTRIBUTORS is using the Counterfeit

17    Design in connection with the sale, offering for sale, distribution, or advertising

18    of smoke filters in a manner likely to cause confusion, or to cause mistake, or to

19    deceive consumers as between Defendant's goods and Plaintiffs' goods.

20    59.    Defendant AMERICAN DISTRIBUTORS has therefore infringed,

21

TROJAN LAW OFFICES
BEVERLY HILLS

1    and is infringing, on Plaintiff's Trade Dress in violation of 15 U.S.C. § 1114(1).

2         60.    By reason of the foregoing, Plaintiffs are entitled to (1) disgorgement

3    of Defendant's profits, (2) any damages sustained by Plaintiffs, and (3) the costs

4    of the action under 15 U.S.C. § 1117(a), in an amount to be proven at the time of

5    trial and believed to be at least $1,000,000.00.

6         61.    In the alternative, Plaintiffs are entitled to statutory damages up to

7    $200,000 pursuant to 15 U.S.C. § 1117(c)(1).

8         62.    Because Defendant AMERICAN DISTRIBUTORS has undertaken

9    these acts willfully, intentionally, and with the intent to profit from Plaintiffs'

10   goodwill, Plaintiffs are entitled to treble damages and recovery of their attorneys'

11   fees, costs, and expenses associated with this action. In the alternative, Plaintiffs

12   are entitled to statutory damages up to $2,000,000 per counterfeit mark pursuant

13   to 15 U.S.C. § 1117(c)(2).

14        63.    By reason of Defendant's acts of trademark infringement, Plaintiffs

15   have suffered and will continue to suffer irreparable injury and Plaintiffs will have

16   no adequate remedy at law unless and until this Court enters an order enjoining

17   Defendant from any further acts of trademark infringement.

18   **VII. FOURTH CAUSE OF ACTION FOR INFRINGEMENT OF**

19   **TRADEMARK LOGO UNDER 15 U.S.C. § 1114(1)**

20        64.    Plaintiffs hereby incorporate by reference the allegations contained

21

TROJAN LAW OFFICES
BEVERLY HILLS

1  in paragraphs 1 through 63.

2      65.   Plaintiff GORSKI is the owner of a valid logo under the '631

3  Registration for the Smokebuddy Character. The Smokebuddy Character has been

4  used continuously in commerce as claimed in the registration.  The registration is

5  enforceable under the Lanham Act.

6      66.   Plaintiff SMOKEBUDDY has exclusive rights to use the

7  Smokebuddy Character in connection with various smoke filter products in

8  commerce in the United States.

9      67.   Defendant AMERICAN DISTRIBUTORS has used, and is using, in

10  interstate commerce an infringing logo in connection with the SMOQ BUDDY

11  air filters (the "Infringing Logo") without Plaintiffs' authorization in violation of

12  Plaintiffs' '631 Registration.

13      68.   Defendant AMERICAN DISTRIBUTORS is using the Infringing

14  Logo in connection with the sale, offering for sale, distribution, or advertising of

15  smoke filters in a manner likely to cause confusion, or to cause mistake, or to

16  deceive consumers as between Defendant's goods and Plaintiffs' goods.

17

18

| Plaintiffs' Smokebuddy Character | Defendant's Infringing Logo |
|---|---|

19

20

21

TROJAN LAW OFFICES
BEVERLY HILLS





BOOM PK06

69.    Defendant AMERICAN DISTRIBUTORS has therefore infringed, and is infringing, of Plaintiff's Smokebuddy Character in violation of the Lanham Act, 15 U.S.C. § 1114.

70.    By reason of the foregoing, Plaintiffs are entitled to (1) disgorgement of Defendant's profits, (2) any damages sustained by Plaintiffs, and (3) the costs of the action under 15 U.S.C. § 1117(a), in an amount to be proven at the time of trial and believed to be at least $1,000,000.00.

71.    Because Defendant AMERICAN DISTRIBUTORS has undertaken these acts willfully, intentionally, and with the intent to profit from Plaintiffs' goodwill, Plaintiffs are entitled to treble damages and recovery of their attorneys' fees, costs, and expenses associated with this action.

72.    By reason of Defendant's acts of trademark infringement, Plaintiffs have suffered and will continue to suffer irreparable injury and Plaintiffs will have no adequate remedy at law unless and until this Court enters an order enjoining Defendant from any further acts of trademark infringement.

/////

20

## VIII.  FIFTH CAUSE OF ACTION FOR FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125

73.    Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 72.

74.    Defendant AMERICAN DISTRIBUTORS' copying of Plaintiffs' products and packaging in connection with the sale, offering for sale, distribution, or advertising of the SMOQ BUDDY smoke filters is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiffs, or as to the origin, sponsorship, or approval of its goods or commercial activities by Plaintiffs, in violation of 15 U.S.C. § 1125(a).

75.    By reason of the foregoing, Plaintiffs are entitled to (1) disgorgement of Defendant's profits, (2) any damages sustained by Plaintiffs, and (3) the costs of the action under 15 U.S.C. § 1117(a), in an amount to be proven at the time of trial and believed to be at least $1,000,000.00.

76.    Because Defendant AMERICAN DISTRIBUTORS has undertaken these acts willfully, intentionally, and with the intent to profit from Plaintiffs' goodwill, Plaintiffs are entitled to treble damages and recovery of their attorneys' fees, costs, and expenses associated with this action.

77.    By reason of Defendant's acts of trademark infringement, Plaintiffs have suffered and will continue to suffer irreparable injury and Plaintiffs will have

TROJAN LAW OFFICES
BEVERLY HILLS

21

1    no adequate remedy at law unless and until this Court enters an order enjoining

2    Defendant from any further acts of trademark infringement.

3    **IX.    SIXTH CAUSE OF ACTION FOR UNFAIR COMPETITION**

4    **UNDER CAL. BUS. PROF. CODE § 17200 ET. SEQ.**

5    78.    Plaintiffs hereby incorporate by reference the allegations contained

6    in paragraphs 1 through 77.

7    79.    Plaintiff SMOKEBUDDY sells air filters with a free give-away

8    keychain.

9    80.    Defendant AMERICAN DISTRIBUTORS has copied Plaintiff

10   Smokebuddy's practice of selling air filters with a free give-away keychain by

11   selling the SMOQ BUDDY with a free give-away keychain.

12

| **Plaintiffs' Give Away Keychain** | **Defendant's Give Away Keychain** |
|---|---|
|  |   BOOM PK06 |

19

20   81.    Defendant AMERICAN DISTRIBUTORS has copied Plaintiffs'

TROJAN LAW OFFICES
BEVERLY HILLS

1  trade dress and packaging as alleged herein.

2      82.    Defendant AMERICAN DISTRIBUTORS' copying of Plaintiffs'

3  trade dress and packaging, including the practice of giving away the logo

4  keychain, in connection with the sale, offering for sale, distribution, or advertising

5  of the SMOQ BUDDY smoke filters is likely to cause confusion, or to cause

6  mistake, or to deceive consumers.

7      83.    By virtue of Defendant AMERICAN DISTRIBUTORS' acts,

8  Defendant has engaged in unfair competition in violation of Cal. Bus. Prof. Code

9  § 17200 et seq. Defendant's acts constitute, among other things, unfair

10  competition, infringement of common law trademarks, passing off, deceptive

11  advertising, unfair trade practices, which has caused injury to Plaintiffs'

12  reputation.

13      84.    Defendant AMERICAN DISTRIBUTORS has undertaken such acts

14  willfully, intentionally, and without permission or authorization from Plaintiffs.

15      85.    By reason of the foregoing, Plaintiffs have been injured in an amount

16  not yet fully determined but believed to exceed the jurisdictional limit of this

17  Court, in an amount to be proven at the time of trial and believed to be at least

18  $1,000,000.00.

19      86.    Because Defendant's acts have been committed willfully,

20  intentionally, and with the intent to profit from Plaintiffs' goodwill in the Key

21

TROJAN LAW OFFICES
BEVERLY HILLS

Chain Logo, this is an exceptional case and Plaintiffs are entitled to enhanced damages and recovery of their attorneys' fees, costs, and expenses associated with this action.

87.    By reason of Defendant's acts of unfair competition, Plaintiffs have suffered and will continue to suffer irreparable injury and Plaintiffs will have no adequate remedy at law unless and until this Court enters an order enjoining Defendant from any further acts of unfair competition.

## X. PRAYER FOR RELIEF:

WHEREFORE, Plaintiffs respectfully pray for the following relief:

a.    A preliminary injunction barring Defendant and all of its agents, officers, attorneys, successors, and assigns from manufacturing, importing, using, selling, and/or offering for sale any products that infringe Plaintiffs' rights in the Registrations and/or common law rights as alleged herein;

b.    A permanent injunction barring Defendant and all of its agents, officers, attorneys, successors, and assigns from manufacturing, using, selling, and/or offering for sale any products that infringe the Registrations and/or common law rights as alleged herein;

c.    That Defendant be adjudged to have violated 15 U.S.C. § 1114(1) by infringing each of the Federal Trademark Registrations alleged herein;

TROJAN LAW OFFICES
BEVERLY HILLS

24

d.    That Defendant be adjudged to have violated 15 U.S.C. § 1125(a) by unfairly competing against Plaintiffs by using false, deceptive or misleading representation of its products;

e.    The Defendant be adjudged to unlawfully and unfairly compete against Plaintiffs under the laws of the State of California, Cal. Bus. & Prof. Code § 17200, et seq.;

f.    A judgment of at least $1,000,000 against the Defendant or damages according to proof pursuant to 15 U.S.C. § 1117(a);

g.    Treble damages and attorney fees for Defendant's willful infringement pursuant to 15 U.S.C. § 1117(a) and/or (b);

h.    Statutory damages for counterfeiting of up to $2,000,000 per counterfeit mark pursuant to 15 U.S.C. § 1117(c)(2);

i.    Costs of suit and prejudgment interest against Defendant; and

i.    Any and all other relief that the Court deems proper.

## VI. DEMAND FOR JURY TRIAL:

Plaintiffs hereby exercise their right to a jury trial under the Seventh Amendment to the United States Constitution and hereby demand a jury trial in accordance therewith.

Respectfully submitted,

TROJAN LAW OFFICES
by

25

1

September 21, 2022                              /s/R. Joseph Trojan

2                                               R. Joseph Trojan
                                                Attorney for Plaintiffs
3                                               Travel Assets, Inc., d.b.a.
                                                Smokebuddy, and Gregg Gorski
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

TROJAN LAW OFFICES
BEVERLY HILLS

26