Michaela Battista Sozio, Esq., SBN 179148
Email: msozio@tresslerllp.com
TRESSLER LLP
6100 Center Drive, Suite 1175
Los Angeles, California 90045
Telephone: (310) 203-4800
Fax: (323) 486-2704

Attorneys for Defendant
American Distributors, LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Travel Assets Inc., d.b.a. Smokebuddy, a California Corporation, and Gregg Gorski, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>American Distributors LLC, an Illinois Limited Liability Company,<br><br>Defendant. | Case No. 2:22-cv-06810-SPG-MAA<br><br>**ANSWER TO COMPLAINT** |

NOW COMES the Defendant, AMERICAN DISTRIBUTORS LLC ("American Distributors"), by and through ITS attorneys, and for its Answer to the Complaint states as follows:

1.    This is a civil action for trademark and trade dress infringement arising under the Lanham Act, 15 U.S.C. § 1051, *et seq*.

**ANSWER: To the extent that this paragraph contains any allegations, denied.**

///

# I. THE PARTIES

2.    Plaintiff Gregg Gorski ("GORSKI") is an individual, residing in the State of Nevada.

**ANSWER:  Defendant is without sufficient information to either admit or deny.**

3.    Travel Assets, Inc., d.b.a. Smokebuddy ("SMOKEBUDDY"), is a corporation organized and existing under the laws of the State of California, having a place of business at 11662 Tuxford Street, Los Angeles, California 91352.

**ANSWER:  Defendant is without sufficient information to either admit or deny.**

4.    Upon information and belief, Defendant American Distributors LLC ("AMERICAN DISTRIBUTORS") is a limited liability company organized and existing under the laws of the State of Illinois, having a principal place of business at 1049 Industrial Dr., Bensenville, Illinois 60106-1245.

**ANSWER: Admit.**

# II. JURISDICTION AND VENUE

5.    This Court has federal question jurisdiction under 28 U.S.C. §1331 and §1338(a) over Plaintiffs' trademark and trade dress infringement claims arising under the Lanham Act.   The Court has jurisdiction under 28 U.S.C. § 1338(b) over Plaintiffs' claim for statutory unfair competition pursuant to Cal. Bus. & Prof. Code §§ 17200 et seq. because that claim is joined with a substantial and related claim under the trademark laws, and the Court also has supplemental jurisdiction over that claim under 28 U.S.C. § 1367(a) because it is so related to the federal claims that it forms part of the same case and controversy. In the alternative, the Court has subject matter and original jurisdiction over all claims for relief asserted herein pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**ANSWER:  Denied.**

6.      Plaintiffs are informed and believe, and on that basis allege, this Court has personal jurisdiction over Defendant because it has extensive contacts with, and conducts business within, the State of California and this judicial district; it has caused its products to be advertised, promoted, and sold in this judicial district; and the causes of action asserted in this Complaint arise out of Defendant's contacts with this judicial district.

**ANSWER: Denied.**

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because the acts complained of herein have been, and are being committed, in this judicial district.

**ANSWER: Denied.**

## III. FACTUAL BACKGROUND

8.      GORSKI founded SMOKEBUDDY in 2008 to produce high-quality, personal air filters which eliminate smoke, odors and pollutants and reduce their impact on non-smokers and the environment. SMOKEBUDDY is wholly owned by GORSKI.

**ANSWER: Defendant is without sufficient information to either admit or deny.**

9.      GORSKI is the owner of Trademark Registration No. 3,850,687 for "SMOKE BUDDY" ("the '687 Registration") registered on September 21, 2010 on the United States Patent and Trademark Office (USPTO) Principal Register for smoking device and tobacco smoke filter. The '687 Registration is incontestable.

**ANSWER: Defendant is without sufficient information to either admit or deny.**

10.     GORSKI is the owner of Trademark Registration No. 5,819,872 for "smokebuddy" ("the '872 Registration") registered on July 30, 2019 on the Principal Register for smoking device. A true and correct copy of the '872

**ANSWER: Defendant is without sufficient information to either admit or deny.**

/ / /

11.    GORSKI is the owner of Trademark Registration No. 6,145,526 for trade dress consisting of a three-dimensional configuration of a distinctive smoke filter as shown:



("the '526 Registration"). The '526 Registration was registered on September 8, 2020 on the Principal Register for smoking device.

**ANSWER: Defendant is without sufficient information to either admit or deny.**

12.    GORSKI also has valid and protectable common law trade dress rights in a distinctive smoke filter having the shape of the combined Apollo command and service modules with oblong indentations spaced about the exterior surface as shown above, the design being non-functional and inherently distinctive under the Lanham Act. Consumers have come to rely upon the smoke filter trade dress as a sign of the quality and reputation of personal filter products originating from Plaintiffs.

**ANSWER: Defendant is without sufficient information to either admit or deny.**

13.    GORSKI is the owner of Trademark Registration No. 5,828,631 ("the '631 Registration") for a logo cartoon character as shown:



("the Smokebuddy Character"). The '631 Registration was registered on August 6,

2019 on the Principal Register for smoking device.

**ANSWER: Defendant is without sufficient information to either admit or deny.**

14.    The Smokebuddy Character is featured on Smokebuddy® products as shown:



**ANSWER: Defendant is without sufficient information to either admit or deny.**

15.    GORSKI also has valid and protectable common law rights to trade dress for a three-dimensional keychain figure ("the Smokebuddy Keychain") based on the Smokebuddy Character as shown:

 

Consumers have come to rely upon the Smokebuddy Keychain trade dress as a sign of the quality and reputation of personal filter products originating from Plaintiffs.

**ANSWER: Defendant is without sufficient information to either admit or deny.**

/ / /

16.    GORSKI licenses the '687 Registration, the '872 Registration, the '526 Registration, the '631 Registration (collectively hereinafter, "the Registrations") and related common law trade dress rights described above to SMOKEBUDDY.

**ANSWER: Defendant is without sufficient information to either admit or deny.**

17.    Pursuant to its exclusive license with GORSKI, SMOKEBUDDY sells personal air filters called the Smokebuddy ("the Smokebuddy® air filters") which are covered by the Registrations and protected by the common law rights described above:



Tie Dye Smokebuddy Original Personal Air Filter          Pink Smokebuddy Original Personal Air Filter          Purple Smokebuddy Original Personal Air Filter

**ANSWER: Defendant is without sufficient information to either admit or deny.**

18.    The Smokebuddy® air filters are marketed and sold bearing the registered Smokebuddy Character and with the Smokebuddy Keychain:



**ANSWER:  Defendant is without sufficient information to either admit or deny.**

19.    Upon information and belief, SMOKEBUDDY pioneered the practice of selling air filters with a free give-away keychain. Consequently, consumers have come to closely associate the Smokebuddy Character and the Smokebuddy Keychain with Smokebuddy® air filters. In fact, the Smokebuddy Character and the Smokebuddy Keychain have become so well-known that SMOKEBUDDY has employed a mascot costumed as the Smokebuddy Character at trade shows. Consumers recognizing it at these trade shows have called it out as "the Smokebuddy guy."

**ANSWER:  Defendant is without sufficient information to either admit or deny.**

20.    SMOKEBUDDY has been selling personal air filters under the original Smokebuddy® mark in interstate commerce since at least 2009.

**ANSWER:  Defendant is without sufficient information to either admit or deny.**

21.    SMOKEBUDDY has invested significant time, money, and effort in developing the Smokebuddy® air filters, which has resulted in significant commercial success and public recognition of its name, trade dress, logo and associated paraphernalia.

**ANSWER:  Defendant is without sufficient information to either admit or deny.**

2.    Upon information and belief, Defendant AMERICAN DISTRIBUTORS sells personal air filters virtually identical to Plaintiffs' personal air filters under the name "SMOQ BUDDY" on its website (https://americandistributorsllc.com/product/smoq-buddy-smoke-air-filtermedium-size/) as shown:

/ / /

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12



13  **ANSWER: Denied.**

14      23.    Upon    information    and    belief,    Defendant    AMERICAN

15  DISTRIBUTORS' SMOQ BUDDY air filters are marketed and sold with a keychain

16  virtually identical to Plaintiffs' Smokebuddy Character keychain:

17
18
19
20
21

 

22  **ANSWER: Denied.**

23      24.    Defendant AMERICAN DISTRIBUTORS sells the SMOQ BUDDY air

24  filters under the category "SMOKE BUDDY" as shown:

25  / / /

26  / / /

27  / / /

28



**ANSWER: Denied.**

25.    Defendant AMERICAN DISTRIBUTORS features the SMOQ BUDDY air filter alongside Plaintiffs' Smokebuddy® air filters.

**ANSWER: Denied.**

26.    Defendant's infringement of Plaintiffs' Registrations and common law rights in the trade dress associated with Smokebuddy® air filters has caused and will continue to cause actual confusion among customers.

**ANSWER: Denied.**

27.    Upon information and belief, Defendant AMERICAN DISTRIBUTORS knew of Plaintiffs' ownership and commercial use of the Registrations in connection with smoke filters, and thus Defendant's adoption of the same was an attempt to trade on Plaintiffs' goodwill and good reputation.    Defendant's infringement of the Registrations and related common law rights is
therefore willful and deliberate.

**ANSWER: Denied.**

28.    Upon information and belief, Defendant AMERICAN DISTRIBUTORS has further sought to deliberately confuse consumers as to the origin of the SMOQ BUDDY air filters by imitating many other aspects of Plaintiff Smokebuddy® air filters packaging. For example:

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Plaintiffs' SMOKEBUDDY packaging features: | Defendant's SMOQ BUDDY packaging features: |
|---|---|
|  |  |
|  |  |

**ANSWER: Denied.**

29.    Defendant's "PERSONAL AIR FILTER" label has the same font and appearance as Plaintiffs' "PERSONAL AIR FILTER" label.

**ANSWER: Denied.**

30.    Defendant's "BLOW SMOKE IN" and "CLEAN AIR OUT" wording and graphics are similar to Plaintiffs' "BLOW SMOKE IN" and "CLEAN AIR OUT" wording and graphics.

**ANSWER: Denied.**

31.    Defendant's "Ideal for" description is identical to Plaintiffs' "Ideal for" description.

**ANSWER: Denied.**

32.    Defendant's "FEATURES" description is similar to Plaintiffs' "FEATURES" description.

**ANSWER: Denied.**

33.    Defendant's "INSTRUCTIONS FOR USE" is identical to Plaintiffs' "INSTRUCTIONS FOR USE".

ANSWER TO COMPLAINT

CASE NO. 2:22-CV-06810-SPG-MAA

1    **ANSWER: Denied.**

2        34.    Defendant's "INSTRUCTIONS FOR USE" include the instruction

3    "Blowsmoke through smokebuddyä" explicitly using Plaintiffs' smokebuddy® mark.

4    **ANSWER: Denied.**

5        35.    Defendants' infringing use of Plaintiffs' word marks, trade dress and

6    logo has damaged Plaintiffs' good reputation and has caused Plaintiffs' lost sales.

7    **ANSWER: Denied.**

8        **IV. FIRST CAUSE OF ACTION FOR TRADEMARK INFRINGEMENT**

9        **UNDER 15 U.S.C. § 1114(1)**

10        36.    Plaintiffs hereby incorporate by reference the allegations contained in

11    paragraphs 1 through 35.

12    **ANSWER: Defendant hereby incorporates by reference its answers to**

13    **paragraphs 1 through 35 above as if fully set forth herein.**

14        37.    Plaintiff GORSKI is the owner of valid trademark registrations for

15    "SMOKE BUDDY" under the '687 Registration and "smokebuddy" under the '872

16    Registration (collectively, "the Word Marks"). The Word Marks have been used

17    continuously in commerce as claimed in their respective registrations. These

18    registrations are enforceable under the Lanham Act.

19    **ANSWER: Defendant is without sufficient information to either admit or deny.**

20        38.    Plaintiff SMOKEBUDDY has the exclusive right to use the Word Marks

21    in connection with smoke filter products in commerce in the United States.

22    **ANSWER: Defendant is without sufficient information to either admit or deny.**

23        39.    Defendant AMERICAN DISTRIBUTORS has used, and is using, in

24    interstate commerce the infringing SMOQ BUDDY mark in connection with various

25    smoke filter products without Plaintiffs' authorization in violation of Plaintiffs' '687

26    Registration and '872 Registration.

27    **ANSWER: Denied.**

28    / / /

40.    Defendant AMERICAN DISTRIBUTORS is using the Infringing SMOQ BUDDY mark in connection with the sale, offering for sale, distribution, or advertising of smoke filters in a manner likely to cause confusion, or to cause mistake, or to deceive consumers as between Defendant's goods and Plaintiffs' goods by selling SMOQ BUDDY air filters under the category "SMOKE BUDDY" and alongside Plaintiff's Smokebuddy® air filters:



41.
and

**ANSWER: Denied.**

42.    By reason of the foregoing, Plaintiffs are entitled to (1) disgorgement of Defendant's profits, (2) any damages sustained by Plaintiffs, and (3) the costs of the action under 15 U.S.C. § 1117(a), in an amount to be proven at the time of trial and believed to be at least $1,000,000.00.

**ANSWER: Denied.**

43.    Because Defendant AMERICAN DISTRIBUTORS has undertaken these acts willfully, intentionally, and with the intent to profit from Plaintiffs' goodwill, Plaintiffs are entitled to treble damages and recovery of their attorneys' fees, costs, and expenses associated with this action.

**ANSWER: Denied.**

44.    By reason of Defendant's acts of trademark infringement, Plaintiffs have suffered and will continue to suffer irreparable injury and Plaintiffs will have no adequate remedy at law unless and until this Court enters an order enjoining

Defendant from any further acts of trademark infringement.

**ANSWER: Denied.**

## V. SECOND CAUSE OF ACTION FOR TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1114(1)

45.   Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 44.

**ANSWER: Defendant hereby incorporates by reference its answers to paragraphs 1 through 44 above as if fully set forth herein.**

46.   Plaintiff GORSKI is the owner of a valid trade dress under the '526 Registration ("the Trade Dress"). The Trade Dress has been used continuously in commerce as claimed in the registration. The registration is enforceable under the Lanham Act.

**ANSWER: Defendant is without sufficient information to either admit or deny.**

47.   Plaintiff SMOKEBUDDY has the exclusive right to use the Trade Dress in connection with smoke filter products in commerce in the United States.

**ANSWER: Defendant is without sufficient information to either admit or deny.**

48.   Defendant AMERICAN DISTRIBUTORS has used, and is using, in interstate commerce the SMOQ BUDDY smoke filters having a design approximating the shape of the combined Apollo command and service modules with oblong indentations spaced about the exterior surface (the "Infringing Design"), which is substantially similar to Plaintiffs' Trade Dress, without Plaintiffs' authorization in violation of Plaintiffs' '526 Registration.

**ANSWER: Denied.**

49.   Defendant AMERICAN DISTRIBUTORS is using the Infringing Design in connection with the sale, offering for sale, distribution, or advertising of smoke filters in a manner likely to cause confusion, or to cause mistake, or to deceive consumers as between Defendant's goods and Plaintiffs' goods.

/ / /

| Plaintiffs' Trade Dress | Defendant's Infringing Design |
|---|---|
|  |  BEACH PK01 |

**ANSWER: Denied.**

50.    Defendant AMERICAN DISTRIBUTORS has therefore infringed, and is infringing, on Plaintiff's Trade Dress in violation of 15 U.S.C. § 1114(1).

**ANSWER: Denied.**

51.    By reason of the foregoing, Plaintiffs are entitled to (1) disgorgement of Defendant's profits, (2) any damages sustained by Plaintiffs, and (3) the costs of the action under 15 U.S.C. § 1117(a), in an amount to be proven at the time of trial and believed to be at least $1,000,000.00.

**ANSWER: Denied.**

52.    Because Defendant AMERICAN DISTRIBUTORS has undertaken these acts willfully, intentionally, and with the intent to profit from Plaintiffs' goodwill, Plaintiffs are entitled to treble damages and recovery of their attorneys' fees, costs, and expenses associated with this action.

**ANSWER: Denied.**

53.    By reason of Defendant's acts of trademark infringement, Plaintiffs have suffered and will continue to suffer irreparable injury and Plaintiffs will have no adequate remedy at law unless and until this Court enters an order enjoining Defendant from any further acts of trademark infringement.

**ANSWER: Denied.**

/ / /

# VI. THIRD CAUSE OF ACTION FOR COUNTERFEITING UNDER 15 U.S.C. § 1114(1)

54.     Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 53.

**ANSWER: Defendant hereby incorporates by reference its answers to paragraphs 1 through 53 above as if fully set forth herein.**

55.     Plaintiff GORSKI is the owner of the Trade Dress under the '526 Registration. The Trade Dress has been used continuously in commerce as claimed in the registration. The registration is enforceable under the Lanham Act.

**ANSWER:  Defendant is without sufficient information to either admit or deny.**

56.     Plaintiff SMOKEBUDDY has the exclusive right to use the Trade Dress in connection with smoke filter products in commerce in the United States.

**ANSWER:  Defendant is without sufficient information to either admit or deny.**

57.     Defendant AMERICAN DISTRIBUTORS has used, and is using, in interstate commerce the SMOQ BUDDY smoke filters having a spurious design that is identical to Plaintiffs' Trade Dress without Plaintiffs' authorization ("the Counterfeit Design").

**ANSWER:  Denied.**

58.     Defendant AMERICAN DISTRIBUTORS is using the Counterfeit Design in connection with the sale, offering for sale, distribution, or advertising of smoke filters in a manner likely to cause confusion, or to cause mistake, or to deceive consumers as between Defendant's goods and Plaintiffs' goods.

**ANSWER:  Denied.**

59.     Defendant AMERICAN DISTRIBUTORS has therefore infringed, and is infringing, on Plaintiff's Trade Dress in violation of 15 U.S.C. § 1114(1).

**ANSWER:  Denied.**

60.     By reason of the foregoing, Plaintiffs are entitled to (1) disgorgement of Defendant's profits, (2) any damages sustained by Plaintiffs, and (3) the costs

of the action under 15 U.S.C. § 1117(a), in an amount to be proven at the time of trial and believed to be at least $1,000,000.00.

**ANSWER: Denied.**

61.  In the alternative, Plaintiffs are entitled to statutory damages up to $200,000 pursuant to 15 U.S.C. § 1117(c)(1).

**ANSWER: Denied.**

62.  Because Defendant AMERICAN DISTRIBUTORS has undertaken these acts willfully, intentionally, and with the intent to profit from Plaintiffs' goodwill, Plaintiffs are entitled to treble damages and recovery of their attorneys' fees, costs, and expenses associated with this action. In the alternative, Plaintiffs are entitled to statutory damages up to $2,000,000 per counterfeit mark pursuant to 15 U.S.C. § 1117(c)(2).

**ANSWER: Denied.**

63.  By reason of Defendant's acts of trademark infringement, Plaintiffs have suffered and will continue to suffer irreparable injury and Plaintiffs will have no adequate remedy at law unless and until this Court enters an order enjoining Defendant from any further acts of trademark infringement.

**ANSWER: Denied.**

## VII. FOURTH CAUSE OF ACTION FOR INFRINGEMENT OF TRADEMARK LOGO UNDER 15 U.S.C. § 1114(1)

64.  Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 63.

**ANSWER: Defendant hereby incorporates by reference its answers to paragraphs 1 through 63 above as if fully set forth herein.**

65.  Plaintiff GORSKI is the owner of a valid logo under the '631 Registration for the Smokebuddy Character. The Smokebuddy Character has been used continuously in commerce as claimed in the registration. The registration is enforceable under the Lanham Act.

1  **ANSWER: Defendant is without sufficient information to either admit or deny.**

2      66.    Plaintiff SMOKEBUDDY has exclusive rights to use the Smokebuddy

3  Character in connection with various smoke filter products in commerce in the United

4  States.

5  **ANSWER: Defendant is without sufficient information to either admit or deny.**

6      67.    Defendant AMERICAN DISTRIBUTORS has used, and is using, in

7  interstate commerce an infringing logo in connection with the SMOQ BUDDY air

8  filters (the "Infringing Logo") without Plaintiffs' authorization in violation of

9  Plaintiffs' '631 Registration.

10 **ANSWER: Denied.**

11     68.    Defendant AMERICAN DISTRIBUTORS is using the Infringing Logo

12 in connection with the sale, offering for sale, distribution, or advertising of smoke

13 filters in a manner likely to cause confusion, or to cause mistake, or to deceive

14 consumers as between Defendant's goods and Plaintiffs' goods.

| **Plaintiffs' Smokebuddy Character** | **Defendant's Infringing Logo** |
|---|---|
|  |   BOOM PK06 |

**ANSWER: Denied.**

    69.    Defendant AMERICAN DISTRIBUTORS has therefore infringed, and

is infringing, of Plaintiff's Smokebuddy Character in violation of the Lanham Act, 15

U.S.C. § 1114.

**ANSWER: Denied.**

/ / /

70.    By reason of the foregoing, Plaintiffs are entitled to (1) disgorgement of Defendant's profits, (2) any damages sustained by Plaintiffs, and (3) the costs of the action under 15 U.S.C. § 1117(a), in an amount to be proven at the time of trial and believed to be at least $1,000,000.00.

**ANSWER: Denied.**

71.    Because Defendant AMERICAN DISTRIBUTORS has undertaken these acts willfully, intentionally, and with the intent to profit from Plaintiffs' goodwill, Plaintiffs are entitled to treble damages and recovery of their attorneys' fees, costs, and expenses associated with this action.

**ANSWER: Denied.**

72.    By reason of Defendant's acts of trademark infringement, Plaintiffs have suffered and will continue to suffer irreparable injury and Plaintiffs will have no adequate remedy at law unless and until this Court enters an order enjoining Defendant from any further acts of trademark infringement.

**ANSWER: Denied.**

**VIII. FIFTH CAUSE OF ACTION FOR FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125**

73.    Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 72.

**ANSWER: Defendant hereby incorporates by reference its answers to paragraphs 1 through 72 above as if fully set forth herein.**

74.    Defendant AMERICAN DISTRIBUTORS' copying of Plaintiffs' products and packaging in connection with the sale, offering for sale, distribution, or advertising of the SMOQ BUDDY smoke filters is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiffs, or as to the origin, sponsorship, or approval of its goods or commercial activities by Plaintiffs, in violation of 15 U.S.C. § 1125(a).

/ / /

1  **ANSWER: Denied.**

2      75.    By reason of the foregoing, Plaintiffs are entitled to (1) disgorgement of

3  Defendant's profits, (2) any damages sustained by Plaintiffs, and (3) the costs of the

4  action under 15 U.S.C. § 1117(a), in an amount to be proven at the time of trial and

5  believed to be at least $1,000,000.00.

6  **ANSWER: Denied.**

7      76.    Because Defendant AMERICAN DISTRIBUTORS has undertaken

8  these acts willfully, intentionally, and with the intent to profit from Plaintiffs'

9  goodwill, Plaintiffs are entitled to treble damages and recovery of their attorneys'

10  fees, costs, and expenses associated with this action.

11  **ANSWER: Denied.**

12      77.    By reason of Defendant's acts of trademark infringement, Plaintiffs have

13  suffered and will continue to suffer irreparable injury and Plaintiffs will have no

14  adequate remedy at law unless and until this Court enters an order enjoining

15  Defendant from any further acts of trademark infringement.

16  **ANSWER: Denied.**

17          **IX. SIXTH CAUSE OF ACTION FOR UNFAIR COMPETITION**

18              **UNDER CAL. BUS. PROF. CODE § 17200 ET. SEQ.**

19      78.    Plaintiffs hereby incorporate by reference the allegations contained in

20  paragraphs 1 through 77.

21  **ANSWER: Defendant hereby incorporates by reference its answers to**

22  **paragraphs 1 through 77 above as if fully set forth herein.**

23      79.    Plaintiff SMOKEBUDDY sells air filters with a free give-away

24  keychain.

25  **ANSWER: Defendant is without sufficient information to either admit or deny.**

26      80.    Defendant AMERICAN DISTRIBUTORS has copied Plaintiff

27  Smokebuddy's practice of selling air filters with a free give-away keychain by selling

28  the SMOQ BUDDY with a free give- away keychain.

| Plaintiffs' Give Away Keychain | Defendant's Give Away Keychain |
|---|---|
|  | <br>**BOOM PK06** |

**ANSWER: Denied.**

81.    Defendant AMERICAN DISTRIBUTORS has copied Plaintiffs' trade dress and packaging as alleged herein.

**ANSWER: Denied.**

82.    Defendant AMERICAN DISTRIBUTORS' copying of Plaintiffs' trade dress and packaging, including the practice of giving away the logo keychain, in connection with the sale, offering for sale, distribution, or advertising of the SMOQ BUDDY smoke filters is likely to cause confusion, or to cause mistake, or to deceive consumers.

**ANSWER: Denied.**

83.    By virtue of Defendant AMERICAN DISTRIBUTORS' acts, Defendant has engaged in unfair competition in violation of Cal. Bus. Prof. Code § 17200 et seq. Defendant's acts constitute, among other things, unfair competition, infringement of common law trademarks, passing off, deceptive advertising, unfair trade practices, which has caused injury to Plaintiffs'
reputation.

**ANSWER: Denied.**

/ / /

84.    Defendant AMERICAN DISTRIBUTORS has undertaken such acts willfully, intentionally, and without permission or authorization from Plaintiffs.

**ANSWER: Denied.**

85.    By reason of the foregoing, Plaintiffs have been injured in an amount not yet fully determined but believed to exceed the jurisdictional limit of this Court, in an amount to be proven at the time of trial and believed to be at least $1,000,000.00.

**ANSWER: Denied.**

86.    Because Defendant's acts have been committed willfully, intentionally, and with the intent to profit from Plaintiffs' goodwill in the Key Chain Logo, this is an exceptional case and Plaintiffs are entitled to enhanced damages and recovery of their attorneys' fees, costs, and expenses associated with this action.

**ANSWER: Denied.**

87.    By reason of Defendant's acts of unfair competition, Plaintiffs have suffered and will continue to suffer irreparable injury and Plaintiffs will have no adequate remedy at law unless and until this Court enters an order enjoining Defendant from any further acts of unfair competition.

**ANSWER: Denied.**

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

88.    As a first and separate affirmative defense, the Complaint fails to state a cause of action upon which relief should be granted and should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

(Lack of Jurisdiction)

89.    As a second and separate affirmative defense, the Court lacks jurisdiction over the persons of all Defendants.

/ / /

/ / /

## THIRD AFFIRMATIVE DEFENSE

(Improper Venue)

90.     As a third and separate affirmative defense, venue is improper pursuant to 28 U.S.C. §1391 and the Complaint should be dismissed pursuant to 28 U.S.C. §1406.

## FOURTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

91.     As a fourth and separate affirmative defense, some or all of Plaintiff's claims are barred by Plaintiff's failure and refusal to mitigate its alleged damages at all relevant times herein.

## FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

92.     As a fifth and separate affirmative defense, some or all of Plaintiff is barred by the doctrine of estoppel from recovering any relief by virtue of its own acts, conduct, and statement, upon which Defendants have relied to its prejudice and detriment.

## SIXTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

93.     As a sixth and separate affirmative defense, Plaintiff's Complaint on file herein and each of the purported causes of action contained therein fails to state a cause of action against these answering Defendants, in that each and every cause of action whole thereof, is barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

(Speculative Damages)

94.     This answering Defendant is informed and believes and on that ground alleges that Plaintiff is barred from recovering damages as the damages alleged by Plaintiff are too speculative.

## EIGHTH AFFIRMATIVE DEFENSE

(Indemnity by Operation of Law)

95.     As an eighth and separate affirmative defense, other parties or entities, unrelated to Defendants, whether or not current parties to this action, proximately caused the damages, if any, alleged in Plaintiff's Complaint. Such parties are or will be obligated by operation of law to indemnify Defendant for any damages awarded to Plaintiff against Defendant.

## NINTH AFFIRMATIVE DEFENSE

(Innocent Infringement and Good Faith)

96.     As a ninth and separate affirmative defense, to the extent that any of Plaintiff's works were infringed, Defendants acted in good faith and at all relevant times was innocent of any knowledge or intent to infringe Plaintiff's rights. If such good faith or innocent intent does not, as a matter of law, preclude a finding of liability, any general or statutory damages awarded to Plaintiff should be correspondingly reduced.

## TENTH AFFIRMATIVE DEFENSE

(Invalidity of Trademark)

97.     Upon all information and belief, Defendant affirmatively alleges that Plaintiff's alleged Marks are invalid.

## ELEVENTH AFFIRMATIVE DEFENSE

(Implied License)

98.     As an eleventh and separate affirmative defense, Plaintiff, through its conduct, statements and/or omissions, impliedly granted Defendant, other defendants and/or non-parties, a non-exclusive license to hold, use, reproduce, distribute and/or sell the materials, works, designs and products alleged in the Complaint.

/ / /

/ / /

## TWELFTH AFFIRMATIVE DEFENSE

(No Counterfeiting)

99.    As a twelfth and separate affirmative defense, the claims asserted in Plaintiff's Complaint are barred as this Defendant has not engaged in counterfeiting.

## THIRTEENTH AFFIRMATIVE DEFENSE

(No Confusion)

100.    As a thirteenth and separate affirmative defense, Plaintiff cannot prove any facts showing that the alleged conduct of Defendant created any customer confusion.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Failure to Join Parties)

101.    As a fourteenth and separate affirmative defense, Plaintiff has failed to join all persons and parties needed for a just adjudication of this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Waiver)

102.    As a fifteenth and separate affirmative defense, Plaintiff's Complaint is barred as Plaintiff has waived any right to obtain its requested relief as a result of his own acts, conduct, and/or omissions.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Laches)

103.    As a sixteenth and separate affirmative defense, Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the equitable doctrine of latches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(No Unfair Competition)

104.    As a seventeenth and separate affirmative defense, the alleged acts of Defendant were not likely to mislead the public.

/ / /

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

105.   As an eighteenth and separate affirmative defense, Plaintiff's Complaint is barred under the doctrine of unclean hands by virtue of the conduct of Plaintiff in causing Plaintiff's alleged injuries and damages.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Implied License)

106.   As a nineteenth and separate affirmative defense, Plaintiff, through its conduct, statements and/or omissions, impliedly granted Defendant, other defendants and/or non-parties, a non-exclusive license to hold, use, reproduce, distribute and/or sell the materials, works, designs and products alleged in the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Statutory Damages/Attorneys' Fees)

107.   As a twentieth and separate affirmative defense, Plaintiff is not entitled to statutory damages or attorneys' fees as to these answering Defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

106.   As a nineteenth and separate affirmative defense, Plaintiff is not entitled to any injunctive relief against these answering Defendants because Plaintiff has adequate remedies at law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

107.   Plaintiff, though under an affirmative duty to do so, failed and neglected to mitigate its alleged damages, if any, and cannot recover against Defendants, whether as alleged of otherwise.

/ / /

1

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

2

(Third Party Negligence)

3

108.    The damages suffered by Plaintiff, if any, were the direct and proximate

4

result of the acts, omission, or negligence of persons or entities other than Defendants

5

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

6

(No Entitlement to Treble Damages)

7

109.    Plaintiff is not entitled to treble damages against this answering

8

Defendant.

9

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

10

(No Unfair Competition)

11

110.    Plaintiff has failed to state a claim for common law unfair competition

12

against this answering Defendant.

13

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

14

(Right to Assert Additional Affirmative Defenses)

15

122.    Defendants may have other affirmative defenses which are not known

16

at this time, but which may become known through discovery.    Defendants assert

17

each and every affirmative defense that may be ascertained though future discovery

18

herein in the event that the discovery indicates that it would be appropriate.

19

WHEREFORE, Defendant American Distributors LLC prays as follows:

20

1.    That Plaintiff take nothing by way of its Complaint and that judgment

21

be rendered in favor of Defendant;

22

2.    That the Complaint be dismissed in its entirety, with prejudice;

23

3.    That Defendant be awarded its costs and reasonable attorneys' fees

24

pursuant to 17 U.S.C. §505 or as otherwise allowed by law; and

25

4.    That the Court award other relief as the Court deems just and proper

26

/ / /

27

/ / /

28

ANSWER TO COMPLAINT

1

2    Dated:   November 18, 2022           TRESSLER LLP

3
                                   By:    /s/ *Michaela Battista Sozio*
4                                        Michaela Battista Sozio
                                         Attorneys for Defendant
5                                        American Disrtibutor LLC

6

7

8

9

10

11

12
     #4863-9727-2383
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT
CASE No. 2:22-CV-06810-SPG-MAA

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2022, a copy of foregoing **ANSWER TO COMPLAINT** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated:  November 18, 2022                    TRESSLER LLP

By: /s/ *Michaela Battista Sozio*
Michaela Battista Sozio