1 | R. Joseph Trojan, CA Bar No. 137,067
trojan@trojanlawoffices.com
2 | Dylan C. Dang, CA Bar No. 223,455
dang@trojanlawoffices.com
3 | TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
4 | Beverly Hills, CA 90212
Telephone: (310) 777-8399
5 | Facsimile: (310) 777-8348

6 | Attorneys for Plaintiffs
Travel Assets Inc., d.b.a. Smokebuddy
7 | and Gregg Gorski

8 | Michaela Battista Sozio, Esq., SBN 179148
msozio@tresslerllp.com
9 | TRESSLER LLP
6100 Center Drive, Suite 1175
10 | Los Angeles, California 90045
Telephone: (310) 203-4800
11 | Fax: (323) 486-2704

12 | Attorneys for Defendant
American Distributors, LLC
13 |

Raymond J. Sanguinetti, Esq. (Admitted *Pro Hac Vice*)
14 | rsanguinetti@rathjewoodward.com
Rathje Woodward LLC
15 | 300 E. Roosevelt Road, Suite 300
Wheaton, IL 60187
16 | Telephone: 630-668-8500
Facsimile: 630-668-9218

17 |

Attorneys for Defendant
18 | American Distributors, LLC

19 |

20 |

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Travel Assets Inc., d.b.a. Smokebuddy, a California Corporation, and Gregg Gorski, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>American Distributors LLC, an Illinois Limited Liability Company,<br><br>Defendant. | Case No. 2:22-cv-06810-SPG-MAA<br><br>**[PROPOSED] ORDER GRANTING STIPULATED PERMANENT INJUNCTION** |

This matter comes before the Court on Plaintiffs Travel Assets Inc., d.b.a. Smokebuddy, and Gregg Gorski (collectively, "Plaintiffs") and Defendant American Distributors, LLC's ("Defendant") (collectively, the "Parties") joint request for entry of a stipulated permanent injunction. Good cause appearing, the Court enters the stipulated permanent injunction as recited herein.

 Pursuant to the Complaint filed on September 21, 2022, Plaintiffs have asserted certain claims and Defendant has denied liability for such claims.

Plaintiffs and Defendant have entered into a settlement agreement to resolve this action, and as part of that agreement, without any admission of liability and solely for purposes of settlement they stipulate and consent to a permanent injunction.

For the purposes of this permanent injunction, the Parties have agreed the following definitions shall apply:

    a.    The term "Asserted Trademarks" means the marks "SMOKE BUDDY" and "smokebuddy" as set forth in U.S. Trademark Registration Nos. 3,850,687 and 5,819,872;

    b.    The term "Asserted Trade Dress" means the trade dress embodied in U.S. Trademark Registration Nos. 5,828,631 and 6,145,526;

    c.    The term "Smokebuddy Air Filter" means the three-dimensional configuration of a distinctive smoke filter embodied in Trademark Registration No. 6,145,526, as well as valid and protectable common law trade dress rights in a distinctive smoke filter;

    d.    The term "Smokebuddy Character" means the character embodied in Trademark Registration No. 5,828,631 as follows:



e. The term "Smokebuddy Keychain" means the three-dimensional keychain figure based on the Smokebuddy Character as described in Plaintiffs' Complaint;

f. The term "Asserted Trademark Rights" means all rights individually and collectively asserted in paragraphs a-e above.

g. The term "Accused Products" means all products sold by Defendant bearing the "SMOQ BUDDY" product name and/or having the Smokebuddy trade dress as defined in b-d above.

The Parties have stipulated that:

1. The Court has jurisdiction over this action;

2. Defendant, by and through its undersigned counsel, consents and agrees to a permanent injunction against Defendant, all of its agents, servants, and employees, and all persons in active concert or participation or in privity with any of them and agrees to be bound by the following terms:

**PERMANENT INJUNCTION**

1. Effective as of April 17, 2023, Defendant, any affiliated companies, and all of its officers, directors, agents, servants, employees, and such other persons who are in active concert or participation, or in privity with any of them:

(a) Shall be permanently restrained and enjoined from infringing the Asserted Trademark Rights, by any means, by making, having made,

publicly displaying, advertising, having advertised, marketing, having marketed, offering for sale, having offered for sale, or selling any Accused Products or any products using the name SMOQ BUDDY or any mark, name, symbol, or logo confusingly similar to or otherwise likely to cause confusion, mistake, or deception with Plaintiffs' Asserted Trademarks;

(b)  Shall be permanently restrained and enjoined from making, having made, publicly displaying, advertising, having advertised, marketing, having marketed, offering for sale, having offered for sale, or selling any products using any trade dress confusingly similar to or otherwise likely to cause confusion, mistake, or deception with Plaintiffs' Asserted Trade Dress;

(d)  Shall be permanently restrained and enjoined from making, having made, publicly displaying, advertising, having advertised, marketing, having marketed, offering for sale, having offered for sale, or selling any products having a shape or configuration confusingly similar to or otherwise likely to cause confusion, mistake, or deception with Plaintiffs' Smokebuddy Air Filter;

(e)  Shall be permanently restrained and enjoined from making, having made, publicly displaying, advertising, having advertised,

marketing, having marketed, offering for sale, having offered for sale, or selling any products in association with a character confusingly similar to or otherwise likely to cause confusion, mistake, or deception with Plaintiffs' Asserted Smokebuddy Character;

(f) Shall be permanently restrained and enjoined from making, having made, publicly displaying, advertising, having advertised, marketing, having marketed, offering for sale, having offered for sale, or selling any products in association with a figure confusingly similar to or otherwise likely to cause confusion, mistake, or deception with Plaintiffs' Asserted Smokebuddy Keychain;

(g) Shall be permanently restrained and enjoined from representing that Defendant or any of its products are in any way sponsored by, affiliated with, associated with, or endorsed or licensed by Plaintiffs.

2. This case is dismissed with prejudice, except that the Court shall retain jurisdiction for the purposes of implementing and enforcing this permanent injunction.

3. Defendant irrevocably and fully waives any and all right to appeal the permanent injunction, to have it vacated or set aside, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

4. Defendant acknowledges that it has read this stipulation and permanent injunction and has had it explained by counsel of its choosing, and fully understands it and agrees to be bound thereby, and will not deny the truth or accuracy of any term or provision herein.

**IT IS HEREBY ORDERED THAT:**

GOOD CAUSE APPEARING, the request for entry of the Stipulated Permanent Injunction is GRANTED.

The Stipulated Permanent Injunction is hereby made the order of this Court.

**IT IS SO ORDERED.**

Date:_____      _____
                              Hon. Sherilyn Peace Garnett
                              United States District Judge